UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER WILLIAMS,

        Petitioner,

v.                                                    Case No. 2:15-cv-188
                                                        HON. GORDON J. QUIST

MITCH PERRY,

        Respondent.

_____/

### REPORT AND RECOMMENDATION

Petitioner, Christopher Williams, filed this petition for writ of habeas corpus challenging his jury conviction for domestic violence, carrying a concealed weapon, felon in possession of a firearm, and possession of a firearm during the commission of a felony. Petitioner was sentenced to imprisonment for 3 years 6 months to 25 years for the felon in possession and carrying a concealed weapon conviction, consecutive to 2 years for the felony firearm conviction. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

        Petitioner alleges that:

    I.    The evidence at trial was insufficient to convict Mr. Williams of felony firearm, carrying a concealed weapon and felon in possession.

    II.    The OV-10 score was improperly scored at 10 points.

    III.    Mr. Williams is entitled to a new trial because trial counsel provided constitutionally ineffective assistance.

> IV. The prosecutor engaged in misconduct which denied Mr. Williams his constitutional due process right to a fair trial.
>
> V. Counsel's ineffective assistance and the prosecutor's misconduct resulted in cumulative error.
>
> VI. Appellant's constitutional right to protection against double jeopardy was violated when he was found guilty of felony firearm, felon in possession of a firearm and carrying a concealed weapon, where the combining of all three weapon charges is prohibited by the double jeopardy clause and established case law.
>
> VII. Appellant's constitutional rights under the Eighth Amendment of the United States Constitution were violated, when the trial court and/or the Michigan Department of Corrections aggregated appellant's economic penalties, regarding minimum state cost, without offering the appellant the opportunity to contest the aggregation.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state

2

decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as

3

well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

> The Michigan Court of Appeals summarized the facts:
>
> Defendant's conviction arises out of a confrontation with his then-girlfriend, Latoya, on January 30, 2012. That night, Latoya witnessed defendant leaving his former girlfriend's house, which led to an argument between Latoya and defendant. After breaking up with defendant, Latoya continued to exchange angry text messages with him, and she went to a bar with her friend.
>
> While at the bar, Latoya answered a call from defendant's sister and told the sister her location. Defendant then got on the phone and informed Latoya he was angry. Soon after, he arrived at the bar and got in an altercation with Latoya. Defendant apparently struck her, prompting Latoya and her friend to throw numerous objects at him. According to three other bar patrons who testified at trial, defendant then pulled out a gun. Numerous witnesses at trial stated that they then heard a gunshot. The police arrived at the scene shortly after the incident, and one of the responding officers testified that he saw a bullet hole in the front door of the bar that appeared as if it was fired from a gun with "a caliber larger than a .177."

Michigan Court of Appeals decision at 1 (ECF No. 3, PageID.378).

Petitioner claims that the evidence at trial was insufficient to convict Petitioner of the charges against him. "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). "[T]he relevant

4

question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.  The Michigan Court of Appeals addressed the issue.

> Here, defendant wrongly asserts that the prosecution showed no competent evidence from which a jury could infer that he used a firearm when he committed the offense.  As noted, the people actually submitted considerable evidence that defendant used a firearm: several eyewitnesses testified that they saw defendant in possession of a firearm.  One bar patron testified that she "looked back and … saw a gun" in defendant's hand, and added that she noticed "the shine" from the butt of the gun.  She was "certain" she saw defendant holding a gun.  Her male companion testified that he got within ten feet of defendant, and observed defendant "reach into his waistband and pull out a firearm" with his right hand.  This eyewitness had "no doubt at all" that defendant pulled out a gun.  A bar employee also stated she saw defendant "pull something out of his pocket that [she] thought was a [black] gun."  And all these witnessed testified that they heard the sound of gunfire, and one testified that defendant ran out of the bar after the gunshot.  In addition, a police officer testified that he saw a bullet hole in the bar's front door, made by a weapon with a caliber larger than .177- which means that the weapon in question is a "firearm" per MCL 8.3t and 750.222(d).
>
> From this evidence, a jury could easily conclude that defendant used a firearm (or a "loaded or unloaded firearm that by its construction and appearance conceals itself as a firearm") in commission of the crime.  Defendant's firearm-based convictions are thus supported by sufficient evidence.

Michigan Court of Appeals decision at 2, (footnotes omitted) (ECF No. 13, PageID.379).  In the opinion of the undersigned, Petitioner has failed to show that the Michigan Court of Appeals' decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

5

Petitioner claims that his OV-10 score was incorrectly scored as 10 points. "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991)). "Federal habeas corpus relief does not lie for errors of state law." *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Here, Petitioner is not entitled to federal habeas review for the federal courts do not interfere with state sentencing guidelines. Even so, Petitioner's claim of improper scoring is without merit. An OV-10 score addresses when an "offender exploited a victim's … domestic relationship." MCL 777.10(1)(b). The Michigan Court of Appeals addressed the issue, and found that the trial court did reasonably conclude that Petitioner exploited his domestic relationship with the victim, Latoya. Michigan Court of Appeals decision at 2 (ECF No. 13, PageID.380). In the opinion of the undersigned, Petitioner has failed to show that the Michigan Court of Appeals' decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that trial counsel provided ineffective assistance violating his constitutional rights. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must

6

"indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The Michigan Court of Appeals addressed the issue:

> In this case, defendant argues that he was denied his right to the effective assistance of counsel when counsel did not object to: (1) the supposed lack of evidence that defendant possessed a firearm; (2) the trial court's scoring of OV 10; and (3) Latoya's appearance before the trial court in jail attire. As noted, defendant's assertions that the evidence is insufficient to sustain his firearm-related convictions and that the trial court incorrectly scored OV 10 are without merit. Accordingly, his trial attorney was not ineffective for choosing not to raise these meritless issues.
>
> Defendant's claims regarding Latoya's clothing at trial is equally unavailing. He makes no attempt to explain why such an objection would have had merit, much less explain how it would have changed the outcome of his trial. In fact, Latoya's unfortunate attire might have even helped defendant---she was the prosecution's witness, and it might have been sound trial strategy to allow her to appear in prison fatigues. In any event, the prosecutor addressed Latoya's clothing, calling it the "elephant in the room," and the court allowed her to explain that she was in jail for a "DUI/DWI." Because such an offense does not necessarily implicate a person's honesty or credibility, the fact that the jury saw her in prison clothes probably had no impact on the outcome of the trial.

Michigan Court of Appeals decision at 3 (ECF No. 13, PageID.381). In the opinion of the undersigned, the Michigan Court of Appeals properly rejected Petitioner's ineffective assistance of counsel claims. Moreover, the Michigan Court of Appeals' decision did not result in a decision

7

that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that the prosecutor engaged in misconduct which denied Petitioner his constitutional due process right to a fair trial. "It is as much [the prosecutor's] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 88 (1935). Misconduct by a prosecutor can rise to the level of a due process violation. *Lundy v. Campbell*, 888 F.2d 467, 474 (6th Cir. 1989). However, before habeas corpus relief becomes available, the misconduct must be so egregious as to deny petitioner a fundamentally fair trial. *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1355 (6th Cir.1993). The habeas court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. See *United States v. Young*, 470 U.S. 1, 11-12 (1985). In addition, the court may view any misconduct in light of the strength of the competent proofs tending to establish guilt. *See Angel v. Overburg*, 682 F.2d 605, 608 (6th Cir. 1982) (*en banc*). "When a petitioner makes a claim of prosecutorial misconduct, 'the touchstone of due process analysis ... is the fairness of the trial, not the culpability of the prosecutor.'" *Serra*, 4 F.3d at 1355 (quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982)). Petitioner has failed to show that the prosecutor's conduct was so egregious that Petitioner was denied a fundamentally fair trial. The Michigan Court of Appeals addressed the issue, and said that:

> Here, defendant claims that the prosecutor committed misconduct when he: (1) stated that one witness remained in the courtroom after

> testifying; and (2) noted that defendant writing with his right hand, which would be consistent with witness testimony that he drew the gun with his right hand.
>
> Both of defendant's assertions are unavailing. Although the prosecution admits that the prosecutor's statement about the witness's continued presence in the courtroom "was not a part of the record evidence and therefore a technical error," it properly observes that our Court distinguishes between "prosecutorial misconduct"— i.e., "instances where a prosecutor's conduct actually violates the rules of professional conduct"—and the sorts of "technical or inadvertent error[s] at trial," which are more accurately labeled "'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.'" *People v McCrary*, unpublished opinion per curiam of the Court of Appeals, issued June 13, 2013 (Docket No. 308237).  As to the prosecutor's remark on defendant's right-handedness, authorities are split on whether it is proper for a prosecutor "to comment on a nontestifying defendant's in-court demeanor or conduct. . ." *People v Smith*, unpublished opinion per curiam of the Court of Appeals, issued July 8, 2010 (Docket No. 288595) (noting split of authorities on that topic).
>
> In any event, reversal is not required because any prejudicial effects of the comments were negated by the trial court's instructions to the jury that the lawyers' statements and arguments were not evidence that could be considered during deliberations. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). The critical issue at trial was whether defendant had a gun, not which hand he used to hold it, and two witnesses were certain that defendant had a gun in his hand.

Michigan Court of Appeals decision at 4 (footnotes omitted) (ECF No. 13, PageID.382).  In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that counsel's ineffective assistance and the prosecutor's misconduct resulted in cumulative error. Under the AEDPA, a court only may grant habeas relief

9

based on a misapplication of Supreme Court law. *Bailey*, 271 F.3d at 655. The Sixth Circuit repeatedly has stated that cumulative error claims are not cognizable on habeas review. "The Supreme Court has not held that constitutional claims that would not individually support habeas relief may be cumulated in order to support relief." *Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002); *see also Keith v. Mitchell*, 455 F.3d 662, 679 (6th Cir. 2006); *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006); *Baze v. Parker*, 371 F.3d 310, 330 (6th Cir. 2004); *Millender v. Adams,* 376 F.3d 520, 529 (6th Cir. 2004); *Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir. 2002). Moreover, where the individual claims are without merit, Petitioner cannot show that the asserted cumulative error violated his constitutional rights. See *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). In the opinion of the undersigned, Petitioner has no basis for habeas relief on his cumulative error claim.

Petitioner claims that his constitutional right and protection against double jeopardy was violated. "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (quoting *Morey v. Commonwealth*, 108 Mass. 433 (1871)). "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* Here, Petitioner was charged and convicted of three counts of firearm possession and use. In *White v. Howes*, 586 F.3d 1025, 1027-1029 (6th Cir. 2009), the Court of Appeals held that felon in possession of a firearm and possession of a firearm while being a felon in possession of a firearm do not violate the constitutional right to protection from double jeopardy, relying on legislative intent for cumulative punishment. The Michigan Court of Appeals also addressed the issue:

10

> Defendant makes the frivolous assertion that his felon-in-possession and felony-firearm convictions violated the prohibition against double jeopardy. In fact, the Michigan Supreme Court rejected this exact argument, and explained that: "Because the felon in possession charge is not one of the felony exceptions in the statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MCL 750.224f, and felony-firearm, MCL 750.227b." *People v. Calloway*, 469 Mich. 448, 452; 671 NW2d 733 (2003).

Michigan Court of Appeals decision at 4 note 7 (ECF No. 13, PageID.382). In the opinion of the undersigned, the Michigan Court of Appeals properly denied Petitioner's double jeopardy claim. Petitioner has failed to establish that the Michigan Court of Appeals' decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that his constitutional rights under the Eighth Amendment of the United States Constitution were violated when the trial court aggregated appellant's economic penalties regarding minimum state cost without offering the appellant the opportunity to contest the aggregation. This is a non-cognizable state law claim that was already addressed and corrected at the Michigan Court of Appeals.

> [I]f the court orders a person convicted of an offense to pay any combination of a fine, costs, or applicable assessments, the court shall order that the person pay costs of not less than the following amount, as applicable:
>
> (a) $68.00, if the defendant is convicted of a felony.
>
> (b) $50.00 if the defendant is convicted of a misdemeanor or ordinance violation.

11

> At sentencing, the court stated that defendant "needs to pay $68 state costs" and $130 crime victim assessment." Defendant's judgment of sentence lists $272 for "state minimum" and $130 for "crime victim" for a total of $402. It thus appears that defendant was assessed minimum state costs for 4 felonies, when he was not convicted of four felonies but of three felonies and one misdemeanor. Defendant should have been assessed $254 in minimum state costs.

Michigan Court of Appeals decision at 4 (ECF No. 13, PageID.383). A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). In the opinion of the undersigned, the Michigan Court of Appeals properly addressed Petitioner's claim and no habeas relief is available to Petitioner.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of Petitioner claims of ineffective assistance of counsel was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   June 13, 2017                         */s/ Timothy P. Greeley*
                                               TIMOTHY P. GREELEY
                                               UNITED STATES MAGISTRATE JUDGE