UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER D. WILLIAMS,

        Petitioner,

                                        Case No. 2:15-CV-188

v.

                                        HON. GORDON J. QUIST

MITCH PERRY,

        Respondent.

                                 /

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

      This is an action for habeas corpus relief under 28 U.S.C. § 2254. On June 13, 2017, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that the Court dismiss the action with prejudice because Petitioner's claims are without merit, and recommending that the Court deny a certificate of appealability (ECF No. 18). Before the Court are Petitioner's objections to the R&R (ECF No. 19).

      This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.*

1.     Sufficiency of the Evidence

Petitioner argues that the magistrate judge improperly denied his claim that there was insufficient evidence to convict him of felony-firearm, carrying a concealed weapon, and felon-in-possession. A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. Moreover, because both the *Jackson* standard and the AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). This double-deference standard erects "a nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Id*. at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

As indicated in the R&R, the Michigan Court of Appeals noted the following evidence of Petitioner's guilt:

> [S]everal eyewitnesses testified that they saw defendant in possession of a firearm. One bar patron testified that she "looked back and . . . saw a gun" in defendant's hand, and added that she noticed "the shine" from the butt of the gun. She was "certain" she saw defendant holding a gun. Her male companion testified that he got within ten feet of defendant, and observed defendant "reach into his waistband and pull out a firearm" with his right hand. This eyewitness had "no doubt at all" that defendant pulled out a gun. A bar employee also stated she saw defendant "pull something out of his pocket that [she] thought was a [black] gun." And all these

> witnesses testified that they heard the sound of gunfire, and one testified that defendant ran out of the bar after the gunshot. In addition, a police officer testified that he saw a bullet hole in the bar's front door, made by a weapon with a caliber larger than .177—which means that the weapon in question is a "firearm" per MCL 8.3t and 750.222(d).

(MCOA Op. 2, ECF No. 13-9.)

Petitioner contends that this evidence was insufficient because: (1) there was no ballistics evidence supporting the officer's opinion that the caliber of the weapon was larger than .177; (2) none of the witnesses could conclude that it was a "firearm" that Petitioner brandished; and (3) there was no testimony stating that the hole in the door was not present prior to the incident.

As to the first issue, ballistics evidence regarding the caliber of the weapon was not necessary. Witnesses testified that they heard a gunshot. A "firearm" is "any weapon which will, is designed to, or may readily be converted to expel a projectile by action of an explosive." Mich. Comp. Laws § 750.222(e). A reasonable jury could infer that the gunshot sound was caused by a weapon "designed to . . . expel a projectile by action of an explosive." In addition, the officer who saw the hole in the door could rely on his experience with firearms to determine whether the hole was large enough to be caused by something larger than a pellet gun, and the jury could rely on his opinion. As to the second issue, multiple witnesses saw Petitioner with a gun. This is sufficient for a rational jury to find that he was in possession of a firearm. As to the third issue, a witness unmistakably testified that the hole in the door was not present before the incident. (Trial Tr. 168-69, ECF No. 13-4.) Thus, Petitioner's objections to the denial of this claim are without merit.

2. <u>Improper Sentence Score</u>

Petitioner objects to the conclusion that his claim of improper sentence scoring is meritless, but he does not address the reasons given by the magistrate judge for this conclusion. Petitioner merely states that he has presented a viable claim. This is not sufficient to enable the Court discern

3

the issue in contention. The Court discerns no error in the magistrate judge's disposition of this claim.

### 3. Ineffective Assistance of Counsel

Similarly, Petitioner objects to the denial of his claim of ineffective assistance of counsel, but he fails to identify any particular error in the magistrate judge's conclusion. Petitioner claims that the magistrate judge should have made an independent conclusion rather than examining the state court's decision on appeal; however, the magistrate judge applied the correct standard of review. Where, as here, a claim has already been adjudicated by the state court, this Court is not permitted to review it on a blank slate. The Court must consider the state court's adjudication of the claim, and may grant relief only if "it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court, § 2254(d)(1); or that it 'involved an unreasonable application of' such law, § 2254(d)(1); or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court, § 2254(d)(2)." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (case citations omitted). Petitioner failed to make this showing.

Petitioner also claims that the errors by counsel that he identified were outside the range of professionally competent assistance, but he provides no support for this contention. Moreover, he does not identify any case law that would demonstrate that the state court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Nor does he identify any evidence to demonstrate that the state court made an unreasonable determination of the facts. Thus, his objection is without merit.

### 4. Prosecutorial Misconduct

Petitioner asserts that the magistrate judge improperly denied his claim of prosecutorial

misconduct, but he does not identify any particular error in the magistrate judge's reasoning. The Court discerns no error in the disposition of this claim.

     5.       Double Jeopardy

The magistrate judge concluded that Petitioner's double-jeopardy claim is without merit, noting the Michigan Court of Appeals' decision as well as a decision by the Sixth Circuit, *White v. Howes*, 586 F.3d 1025 (6th Cir. 2009). Petitioner fails to identify any error in the magistrate judge's conclusion.

     6.       Cumulative Error

Petitioner reiterates his assertion that he is entitled to relief based on "cumulative error," but as noted in the R&R, he cannot assert such a claim where his other claims of error have no merit. *See Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002) ("The Supreme Court has not held that constitutional claims that would not individually support habeas relief may be cumulated in order to support relief.").

     7.       Eighth Amendment

Petitioner claims that the state court violated his Eighth Amendment rights when it assessed him $402 as part of his sentence. Petitioner contends that this claim was not "fully" addressed by the R&R, but he does not elaborate further.

Mich. Comp. Laws § 769.1k provides that a court "shall impose the minimum state costs as set forth in section 1j of this chapter." Mich. Comp. Laws § 769.1k(1)(a). Section 1j provides that "if the court orders a person convicted of an offense to pay any combination of fines, costs, or applicable assessments, the court shall order that the person pay costs of not less than the following amount, as applicable: (a) $68.00, if the defendant is convicted of a felony[;] (b) $50, if the defendant is convicted of a misdemeanor or ordinance violation." Mich. Comp. Laws § 769.1j(1).

At sentencing, the trial court stated that "in regard to the assessments, [Petitioner] needs to pay $68 state cost, . . . $130 crime victim assessment." (Sent. Tr. 23, ECF No. 13-8.) However, the original judgment of sentence stated that he is liable for $272 in costs and $130 for the crime victim assessment, a total of $402. Petitioner contends that he is liable for only $68 in costs and $130 for the crime victim assessment, for a total of $198, as the state court implied at the sentencing hearing.

On appeal, the Michigan Court of Appeals determined that the trial court improperly assessed Petitioner as if he had been convicted of *four* felonies, when it should have assessed $68 for each of his *three* felony convictions, and $50 for his misdemeanor conviction, reducing the total assessment from $402 to $384. The court of appeals did not address Petitioner's claim that the imposition of this assessment violated the Eighth Amendment, and neither did the magistrate judge. That is probably due to the fact that Petitioner merely mentioned the Eighth Amendment in passing his appellate brief and in his amended petition without discussing how it applies. Indeed, the focus of his claim, as written, is that the state court improperly "aggregated appellant's economical penalties regarding minimum state cost . . . which thereby violated the plain language of MCL 769.1j." (Am. Pet., ECF No. 8, PageID.114.) In other words, the crux of Petitioner's claim is that the state court improperly applied state law by assessing costs for each of his offenses rather than issuing one $68 assessment for his entire case. The R&R correctly states that this claim is not cognizable in these proceedings.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (ECF No. 19) are **OVERRULED**.

---

[1] In any event, to the extent Petitioner claims that a $384 assessment, as opposed to a $198 assessment, is an "excessive fine" under the Eighth Amendment, his claim is plainly meritless.

**IT IS FURTHER ORDERED** that the June 13, 2017, Report & Recommendation (ECF No. 18) is **APPROVED** and **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will enter.

This case is concluded.

Dated:  July 21, 2017 　　　　　　　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE